IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC. )<br>)<br>      Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES DEPARTMENT )<br>OF JUSTICE )<br>)<br>      Defendant. )<br>_____) | Civil Action No. 01-0639 (GK) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S RENEWED MOTION
FOR SUMMARY JUDGMENT**

Plaintiff, Judicial Watch, Inc. ("JW"), by counsel, respectfully submits this Opposition to the Renewed Motion for Summary Judgment submitted by Defendant U.S. Department of Justice ("DOJ").

**MEMORANDUM OF LAW**

**I.    INTRODUCTION.**

This case concerns a Freedom of Information Act ("FOIA") request sent by JW on February 22, 2001 to Defendant DOJ. Plaintiff's request sought :

1.     Any and/or all Pardon Grants for January 2001, to include, but not limited to the Department of Justice Pardon Grants listing, dated January 20, 2001 and found at http://www.usdoj.gov/opa/pardonchart1st.htm.

2.     Any and/or all pardon applications considered by former President Clinton.

*See* Exhibit 1.

When Defendant DOJ failed to respond timely to JW's FOIA request, JW filed this lawsuit on March 23, 2001.  After JW filed suit, Defendant DOJ produced some documents responsive to

Plaintiff's request. Defendant DOJ then filed a motion for summary judgment that was fully briefed by the parties and granted by this Court on March 28, 2003. *See Judicial Watch v. Department of Justice*, 259 F. Supp 2d. 86. JW appealed, and the U.S. Court of Appeals for the District of Columbia Circuit ("D.C. Circuit") reversed and remanded the case in part, directing this Court to "determine whether the Department's internal documents not 'solicited and received' by the President or the Office of the President are protected from disclosure under the deliberative process privilege." *See Judicial Watch v. Department of Justice*, 365 F. 3d. 1108, 1109 (D.C. Cir. 2004).

Pursuant to the D.C. Circuit's ruling, this Court ordered Defendant DOJ to conduct a further review of approximately 5587 documents it had previously withheld under a blanket invocation of the presidential communications privilege. *See* Order of September 14, 2004. At the conclusion of this additional review, on December 15, 2004, Defendant DOJ produced to Plaintiff 1015 pages in full and 930 pages in part. The remaining 3642 documents were withheld in full pursuant to the presidential communications privilege, the deliberative process privilege, or FOIA Exemption 6. *See* Defendant's Renewed Motion for Summary Judgment at 3. ("Def. Ren. Mot.") The 930 documents produced to Plaintiff in part contain withholdings pursuant to the deliberative process privilege and Exemption 6. *Id.*

In light of the D.C. Circuit's earlier ruling, Judicial Watch is not challenging any of Defendant DOJ's withholdings pursuant to the presidential communications privilege or FOIA Exemption 6. Therefore, only Defendant DOJ's withholdings pursuant the deliberative process privilege remain at issue in this case.

## II.     ARGUMENT.

### A.     Summary Judgment Framework.

In FOIA litigation, as in all litigation, summary judgment is appropriate only when the pleadings and declarations demonstrate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); Fed.R.Civ.P. 56(c). In reviewing a motion for summary judgment under FOIA, the Court must view the facts in the light most favorable to the requestor. *Weisberg v. United States Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984).

### B.     The Freedom of Information Act and Exemptions.

FOIA provides a framework of liberal disclosure for agency records and "provides that all documents are available to the public unless specifically exempted by the Act itself." *Vaughn v. Rosen*, 484 F.2d 820, 823 (D.C. Cir. 1973) (footnote omitted). Exemptions from disclosure "must be construed narrowly, in such a way as to provide the maximum access consonant with the overall purpose of the Act." *Id.*

Where the government asserts that a record is exempt from disclosure, "the court shall determine the matter *de novo* and the burden is on the agency to sustain its action." 5 U.S.C. § 552 (a)(4)(B); *United States Dep't of Justice v. Landano*, 508 U.S. 165, 171 (1993). A responsive record must be disclosed except where the government meets its burden of showing that the record fits within one of the specific exemptions. *King v. United States Dep't of Justice*, 830 F.2d 210, 217 (D.C. Cir. 1987). The most common device used by agencies to attempt to meet this burden is the *Vaughn* Index. *Vaughn*, 484 F.2d at 826-28. *Vaughn* made clear that "courts will simply no longer accept conclusory and generalized allegations of exemptions." *Id.* at 826. *Vaughn* thus requires that

an agency seeking to withhold responsive records under claims of exemption must file a declaration or index that provides "detailed justification" and "[s]pecificity, [s]eparation, and [i]ndexing" of its claimed exemptions. *Id.* at 826-27.

Where an agency attempts to meet its burden by filing a *Vaughn* Index, the index must be sufficiently detailed and divided into manageable segments. *Davin v. United States Dep't of Justice*, 60 F.3d 1043, 1065 (3rd Cir. 1995); *Hayden v. NSA*, 608 F.2d 1381 (D.C. Cir. 1979). The description must enable the requestor and the Court "to derive from the index a clear explanation of why each document or portion of a document withheld" should be exempt from disclosure. *Jones v. FBI*, 41 F.3d 238, 242 (6th Cir. 1994). Further, the *Vaughn* Index must indicate that any reasonably segregable information has been disclosed. *Patterson v. IRS*, 56 F.3d 832, 839 (7th Cir. 1995).

### 1. DOJ Has Failed to Meet Its Burden of Withholding Records Pursuant to Exemption 5.

Exemption 5 of FOIA concerns records that are: "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency ...." 5 U.S.C. § 552(b)(5). This provision exempts from disclosure those records normally privileged in the civil discovery context. While this statutory language has been interpreted broadly to incorporate "all civil discovery rules into FOIA [Exemption 5]" (*Martin v. Office of Special Counsel*, 819 F.2d 1181, 1185 (D.C. Cir. 1987)), each discovery rule or privilege asserted by an agency in any particular case must be construed narrowly to effect FOIA's overall purpose of liberal disclosure. As the U.S. Supreme Court has noted:

> Since virtually any document not privileged may be discovered by the appropriate litigant, if it is relevant to his litigation, and since the Act clearly intended to give

> any member of the public as much right to disclosure as one with a special interest therein, it is reasonable to construe Exemption 5 to exempt those documents, *and only those documents*, normally privileged in the civil discovery context.

*NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 148-49 (1975) (emphasis added) (citations omitted); s*ee also Mapother v. Dep't of Justice*, 3 F.3d 1533, 1537 (D.C. Cir. 1993) ("[Exemption 5], like all FOIA exemptions, must 'be construed as narrowly as consistent with efficient government operation.'"). The Supreme Court has recognized three primary privileges/protections covered by this exemption: (1) the deliberative process privilege; (2) the attorney-client privilege; and (3) the attorney work-product doctrine. *Id.*

In the instant motion, DOJ has withheld numerous pages of documents under the deliberative process privilege.

### a. Deliberative Process Privilege.

The deliberative process privilege protects the "decision making processes of government agencies." *Id.* In order to invoke the deliberative process privilege properly, an agency must demonstrate that a record is: (1) pre-decisional (*i.e.*, prepared prior to the adoption of agency policy); and (2) deliberative in nature (*i.e.*, made in the course of "making recommendations or express[ing] opinions on legal or policy matters"). *Vaughn v. Rosen*, 523 F.2d 1136, 1144 (D.C. Cir. 1975). The agency bears the burden of demonstrating that the record satisfies both requirements. *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980).

In deciding whether recommendations are pre-decisional, an agency must also establish "what deliberative process is involved and the role played by the documents in issue in the course of that process . . .." *Coastal States Gas Corp.*, 617 F.2d at 868. By contrast, the exemption does not apply to records which merely implement the policy (*Brinton v. Department of State*, 636 F.2d

600, 605 (D.C. Cir. 1980); *Nissei Sangyo America, Ltd. v. IRS*, No. 95-1019, 1997 U.S. Dist. LEXIS 22473, at **23-24 (D.D.C. May 8, 1997)), or which are intended to explain the action the agency has taken. *Sears*, 421 U.S. at 153-54; *Judicial Watch, Inc. v. HHS*, 27 F. Supp. 2d 240, 245 (D.D.C. 1998) ("deliberative process privilege does not protect documents that merely state or explain agency decisions").

In determining whether a document is "deliberative," the D.C. Circuit has held that the exemption covers "recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency." *Coastal States Gas Corp.*, 617 F.2d at 866. However, the D.C. Circuit also has adopted a standard that focuses on whether there is a *genuine likelihood that disclosure will cause harm* to the decision making process. *Petroleum Information Corp. v. United States Dep't of the Interior*, 976 F.2d 1429 (D.C. Cir. 1992) (emphasis added). In *Petroleum Information Corp.*, the Court identified the "key question" in Exemption 5 cases as "whether disclosure would tend to diminish candor within the agency" and indicated that this question must be answered by "[i]nquiring whether the requested materials can reasonably be said to embody an agency's policy-informed or -informing judgmental process . . . ." *Id.* at 1435. The Court emphasized that inquiring "whether the agency has plausibly demonstrated the involvement of a policy judgment in the decisional process relevant to the requested documents serves a further, complementary purpose; it enables us to contain Exemption 5 within its proper scope." *Id.* at 1436. Thus, records involving more routine decisions "over which the agency has no significant discretion" do not fall within the protections of the privilege. *Id.* Rather, to qualify for protection under the deliberative process exemption, "the kind and scope of

discretion involved must be of such significance that disclosure genuinely could be thought likely to diminish the candor of agency deliberations in the future." *Id.* at 1436 n.8.

Applying these principles in the instant case, Plaintiff has several objections to Defendant DOJ's withholdings. First, with respect to the 930 documents withheld from Plaintiff in part, Defendant DOJ states in its renewed motion that the documents identified in its updated *Vaughn* Index are divided into 34 categories. *See* Def. Ren. Mot at 3, 6. A brief description of these categories can be found in the updated Vaughn Index, as well as in the Updated Declaration of Melanie Ann Pustay. However, because the documents released to Plaintiff in Defendant DOJ's December 15, 2004 production are not Bates stamped, it has been virtually impossible for Plaintiff to determine precisely into which of the 34 categories any particular redacted document falls. Plaintiff has already stated that it does not challenge Defendant DOJ's Exemption 6 withholdings, but, again, the December 15, 2004 document production contains no indication on the documents themselves whether the redactions consist of allegedly Exemption 5 or Exemption 6 material.

Given Defendant DOJ's inadequate descriptions and categorization of the records at issue, it has failed to meet its burden of demonstrating that the deliberative process privilege applies to these partially produced documents.

With respect to the 1630 documents withheld in full under the deliberative process privilege, Plaintiff again submits that Defendant DOJ's description of its withholdings is too sparse for Defendant DOJ to meet its burden. Defendant DOJ has again provided only general and conclusory descriptions of the withheld documents and failed to provide sufficient specificity to allow an "adequate adversary testing" of the claimed exemptions by the Plaintiff. *Vaughn*, 484 F.2d at 828.

For example, Category 13 of Defendant DOJ's Updated Vaughn index purports to withhold in full 105 pages from Plaintiff pursuant to the deliberative process privilege with the following, brief description: "Handwritten notes to and from Ms. Smolover and Mr. Kevin Ohlson, Chief of Staff to the DAG, regarding recommendations on granting and denying pardons." DOJ Updated Vaughn Index at 4. Category 15 attempts to withhold in full 46 pages of documents with this brief description: "Various lists of pending pardon cases and comparison lists showing selected cases either granted or denied. These lists include a brief summary of each case along with the recommendations of various parties such as the relevant sentencing judge and United States Attorney." *Id.* Such brief descriptions are not sufficient. Neither the descriptions nor the Updated Vaughn Index explain precisely how the decision making process would be harmed if the documents at issue were released, or whether the documents reveal the personal opinions of the writers rather than the policy of the agency.

**C.     Segregability.**

5 U.S.C. §552 (b) states:

Any reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection. The amount of information deleted shall be indicated on the released portion of the record, unless including that indication would harm an interest protected by the exemption in this subsection under which the deletion is made. If technically feasible, the amount of the information deleted shall be indicated at the place in the record where such deletion is made.

Summary judgment may be denied to an agency if its declarations or *Vaughn* indexes do not adequately demonstrate that all reasonably segregable information has been disclosed. *See Animal Legal Defense Fund, Inc. v. Department of the Air Force*, 44 F. Supp. 2d 295, 301 (D.D.C. 1999). A district court decision may be reversed entirely on procedural grounds, even if

it is correct in all substantive exemption respects, if it fails to make segregability findings. *See Summers v. Department of Justice,* 140 F. 3d 1077, 1081 (D.C. Cir. 1998); *Weiner v. FBI*, 943 F.2d 972, 988 (9th Cir. 1991).

By failing to release all reasonably segregable information from many of the documents released in part, DOJ has again improperly withheld documents. Attached as Exhibit 1 are several documents that have been blacked out almost in their entirety. Perhaps the most egregious example of these is a 19 page memo identifiable only as a Memorandum to U.S. Attorney Mary Jo White from Rob Khuzami presumably of Defendant DOJ's Fraud Task Force. The document is not Bates stamped, no markings on the document identify whether the material being withheld is withheld under Exemption 5 or 6. Nor is there any indication on the document as to which of the 34 categories identified by Defendant DOJ's Revised Vaughn Index it belongs. In addition, nearly the entire contents of this document have been blacked out. Apparently, no attempt was made to determine whether any non-exempt, segregable information could be released. It is simply inconceivable that no additional information from this 19 page document can be produced to Plaintiff.

Several other documents are included in Exhibit 1 which are likewise blacked out almost in their entirety and give no indication as to whether non-exempt information has been segregated out, or under which exemption the information is being withheld. These include:

*     A two page letter dated December 12, 2000 from Benito Romano of Willkie, Farr & Gallagher to Robert Khuzami of the U.S. Attorney's Office for the Southern District of New York. The entire body of this letter has been blacked out.

* An October 22, 1999 e-mail from Deborah Smolover to Gary Grindler. Almost the entire contents of this e-mail have been blacked out. A review of Defendant DOJ's Updated Vaughn Index indicates that this document might fall under Categories 4 or 20, but again it is not clear which.

* A February 2, 2000 Memorandum to Deborah Smolover from Roger C. Adams regarding Preston King's pardon request. This document might fall under Category 29 in Defendant DOJ's Updated Vaughn Index, but there is no way to determine what information is withheld persuant to which which exemption. In any event, nearly the entire contents of the memorandum have been blacked out.

* A March 31, 1999 Memorandum from Deborah Smolover to Roger C Adams. This 4 page memorandum has been blacked out almost in its entirety. Even the name of the person requesting the pardon is blacked out in this instance.

* A 2 page Memorandum dated September 4, 1997 from Marshall Jarrett from the Office of the Deputy Attorney General to Roger Adams. This document has been has been almost completely blacked out.

* A one page document entitled "case summary." Everything else in the document is completely blacked out.

### III.   CONCLUSION.

Defendant DOJ's Motion should be denied. At the very least, Defendant DOJ should be ordered by this Court to reprocess the 930 pages of documents released to Plaintiff in part so that Plaintiff can identify the category into which each of these documents allegedly falls and which portions of these documents are withheld under which exemption. Only at that point will Plaintiff

have sufficient information to fully challenge Defendant DOJ's partial withholdings under the deliberative process privilege. In addition, Defendant DOJ must provide a satisfactory explanation of why no non-exempt portions of the redacted or withheld records have been segregated out. For all of the foregoing reasons, this Court should deny Defendant DOJ's motion for summary judgment.

          Respectfully submitted,

          JUDICIAL WATCH, INC.

          _____
          Paul J. Orfanedes, Esq.
          DC Bar No. 429716
          Suite 725
          501 School Street, S.W.
          Washington, D.C. 20024
          (202) 646-5160

          Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES DEPARTMENT )<br>OF JUSTICE )<br>)<br>Defendant. )<br>_____) | Civil Action No. 01-0639 (GK) |

**PLAINTIFF'S STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS A GENUINE ISSUE AND DISPUTE FILED IN OPPOSITION TO DEFENDANT'S <u>RENEWED MOTION FOR SUMMARY JUDGMENT</u>**

In opposition to Defendant's Renewed Motion for Summary Judgment ("Def. Ren. Mot."), Plaintiff submits the following statement of facts as to which there are genuine issues and disputes:

1. Plaintiff denies that documents were properly withheld pursuant to FOIA Exemption 5. The documents withheld in full and in part by Defendant were not properly withheld pursuant to FOIA Exemption 5 because, as demonstrated in more detail in Plaintiff Opposition to Defendant's Motion for Summary Judgment ("Pl. Opp."), Defendant has failed to carry its burden of showing that release of the records would reveal information protected by the deliberative process privilege.

2. Plaintiff denies that all reasonably segregable information has been released to Plaintiff.

Respectfully Submitted,

JUDICIAL WATCH, INC.

_____
Paul J. Orfanedes, Esq.
DC Bar No. 429716
Suite 725
501 School Street, S.W.
Washington, DC 20024
(202) 646-5172

Attorneys for Plaintiff